UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EVAN WHEELER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:15CV368 RLW |
| AMERICAN PROFIT RECOVERY, INC., | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint (ECF No. 18). Defendants have not filed a response, and the time for doing so has expired. Upon review of the motion, the Court will grant Plaintiff leave to amend the Complaint.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court should freely grant leave to amend a pleading when justice so requires. "[T]he court has broad discretion and will only deny leave to amend in order to avoid undue delay, where there has been bad faith on the part of the plaintiff, when amendment would be futile or when amendment would result in unfair prejudice to the defendants." *Swider v. Hologic, Inc.*, Civil No. 12-1547 (DSD/AJB), 2012 WL 6015558, at *2 (D. Minn. Dec. 3, 2012) (citation omitted). However, "[w]here a party seeks leave to amend a complaint after the deadline in the applicable case management order has passed, the [Federal Rule of Civil Procedure] 16(b) good-cause standard applies first, then the 'when justice so requires' standard of Rule 15(a) applies." *Jo Ann Howard & Assoc., P.C. v. Cassity*, No. 4:09-CV-01252-ER, 2014 WL 6607077, at *4 (E.D. Mo. Nov. 19, 2014). "Good cause requires a change in circumstances, law, or newly discovered facts." *Id.* (citing *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

Here, the deadline for amendment of pleadings in the Case Management Order ("CMO") was May 22, 2015. However, Plaintiff argues that discovery after the deadline for amending pleadings has led to the new facts and claim against Anheuser-Busch Employees' Credit Union. Thus, Plaintiff requests leave to amend the pleadings to conform to facts developed during discovery. The Court finds that Plaintiff has demonstrated good cause. *See, e.g., Cowden v. BNSF Ry. Co.*, No. 4:08CV1534 ERW, 2013 WL 1282248, at *6 (E.D. Mo. March 26, 2013) (allowing Plaintiff to file a First Amended Complaint where the complaint conformed to the evidence). Further, nothing in this case indicates that Plaintiff has not been diligent in attempting to meet the CMO's requirements. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (noting that the primary measure of good cause is the moving party's diligence in attempting the meet the requirements of the Case Management Order).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 18) is **GRANTED**.

Dated this 10th day of November, 2015.

*[signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**